FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP 3 0 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

Kim R. Wilson (3512)
Tammy B. Georgelas (9972)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone: (801) 521-9000
Facsimile:  (801) 363-0400
Email:  krw@scmlaw.com
Email:  tbg@scmlaw.com

*Attorneys for Secured Creditor Citibank, N.A.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>DODART PROPERTIES, LLC,<br><br>Debtor | **MEMORANDUM DECISION AND ORDER ADOPTING BANKRUPTCY JUDGE'S PROPOSED FINDINGS AND CONCLUSIONS AND REPORT AND RECOMMENDATION AND TRANSFERRING VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Case No. 2:09CV796 DAK<br><br>Bankruptcy No. 09-26339 WTT |



Pursuant to Federal Rule of Bankruptcy Procedure 9033, on August 18, 2009, the Bankruptcy Judge filed a proposed Findings of Fact and Conclusions of Law and Report and Recommendation ("Proposed Findings and Conclusions") on the secured creditor Citibank, N.A.'s ("Citibank") Motion to Dismiss Case or, in the Alternative, Motion to Transfer Case to Proper Venue.

Citibank moved to dismiss or to transfer venue "in the interest of justice or for the convenience of the parties" because substantially all of the debtor Dodart Properties, LLC's ("Dodart") property and creditors are located in California. Dodart alleged that because the sole manager and owner of Dodart made all of the company's major decisions from his office in St. George, the case was properly venued in Utah.

After hearing the parties, as well as counsel for secured creditor Community West Bank and the United States Trustee's Office, the Bankruptcy Judge found as follows:

1. The Debtor filed its voluntary petition for Chapter 11 bankruptcy on June 18, 2009, in the District of Utah (Case Number 09-26339 WTT).

2. The Debtor is a California Limited Liability Company.

3. The Debtor's principal, Mr. David Dodart, has lived in St. George, Utah in excess of ten years, and does the major decision making for the Debtor in Utah.

4. Mr. Dodart is the sole owner and managing member of the Debtor.

5. Mr. Dodart maintains a P.O. Box in Santa Barbara, California and has received mail at that address since the date of petition.

6. Pursuant to 28 U.S.C. § 1408, a case may only be filed in the district where the debtor maintains a domicile residence, place of business, or where the principal assets of the Debtor are located.

7. Based upon Mr. Dodart's residence in St. George, Utah, and the major business decisions being made in Utah, there was a basis for filing the voluntary petition in Utah; therefore, the case will not be dismissed under 28 U.S.C. §1408.

8. Pursuant to 28 U.S.C. § 1412, a case or proceeding may be transferred "in the interest of justice or for the convenience of the parties."

9. Bankruptcy Rule 1014(a) permits the Court, on the timely motion of a party in interest, and after notice to the petitioners, to dismiss the case or transfer it to the district in which venue is proper.

10. All of the Debtor's assets are located in California. There is no evidence that any of the Debtor's assets are located in Utah.

11. All of the Debtor's creditors reside outside of Utah, with over 90% located in California.

12. The Debtor owns three real estate properties, each of which is located in California. Two of such properties are monthly income-generating properties (the "Rental Properties"), and the other is a 16-acre orchard or ranch (the "Ranch Property") that likely generates income on a yearly basis.

13. Mr. Dodart signed documents relating to Community West Bank's Rental Property while he was in California.

14. A property manager in Santa Barbara, California manages the Rental Properties. He makes day-to-day decisions regarding renters, subcontractors, and maintenance issues from his office in Santa Barbara, California.

15. The Ranch Property is maintained and operated independently from the Rental Properties by a ranch manager in California.

16. The Debtor's real estate properties are clearly located in California, with the day-to-day decisions for operation of these properties being made in California by the Rental Properties manager and Ranch Property manager.

17. The proximity of the creditors to the Court lies in California.

18. The proximity of the Debtor to the Court and to the situs of the operations of the Debtor are in both California and Utah. Major decisions are made in Utah; day-to-day decisions are made on-site in California.

19. The proximity of witnesses lies in California. Although it is unclear at this time which witnesses may be necessary for the administration of the estate, likely witnesses include Mr. Dodart, the California property managers, and the Debtor's creditors.

20. The Debtor represented that it will file a proposed plan to liquidate the assets of the Debtor.

21. The economic administration of the estate may be in both California and Utah.

22. The ancillary administration of the estate is not applicable in this determination of venue because liquidation is a Chapter 7 consideration and this is a Chapter 11 filing.

23. Based upon the totality of circumstances, venue should be transferred to the United States Bankruptcy Court for the Central District of California.

Accordingly, the Bankruptcy Judge recommends that the case "not be dismissed but rather that the District Court enter an order transferring venue of Case Number 09-26339 WTT to the United States Bankruptcy Court for the Central District of California in the interest of justice and for the convenience of the parties."[1]

---

[1] Proposed Findings and Conclusions at 5.

Under Federal Rule of Bankruptcy Procedure 9033(b), the parties had ten days from service with the order in which to file objections to the Proposed Findings and Conclusions. The parties were served with the order on August ____, 2009 and the time for filing objections has now run. No objections have been filed.

Under 28 U.S.C. § 157(c)(1), after the Bankruptcy Judge has submitted the Proposed Findings and Conclusions, this Court shall enter final order or judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." The standard of review is further explained in Federal Rule of Bankruptcy Procedure 9033(d): "The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions."

The Court has conducted a de novo review of the entire record. The Bankruptcy Judge's findings and conclusions are fully supported by the record, including the Debtor's own filing. The Bankruptcy Judge correctly found that venue of Dodart's bankruptcy case should be transferred to the Central District of California.

Section 1412 of the United States Code provides that this Court "may transfer a case . . . under [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties." Federal Rule of Bankruptcy Procedure 1014(a)(1) provides that where a case such as the present case is filed in a proper district, after notice and a hearing, the

case may be transferred "to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties." The Bankruptcy Judge's determination that transfer of venue would be in the interest of justice and convenience of the parties is fully supported by the record.

Based on the foregoing, the Court fully agrees with the Bankruptcy Judge's Proposed Findings and Conclusions and finds that transfer of venue will be in the interest of justice and for the convenience of the parties. It is therefore

ORDERED that the Bankruptcy Judge's Findings of Fact and Conclusions of Law and Report and Recommendation to the District Court are ADOPTED IN FULL. It is further

ORDERED that Citibank's Motion to Dismiss Case or, in the Alternative, Motion to Transfer Case to Proper Venue is GRANTED and Bankruptcy Case No. 09-26339 WTT shall be transferred to the United States Bankruptcy Court for the Central District of California.

The clerk of court is directed to close this case.

DATED this 30th day of September, 2009.

BY THE COURT:

Dale A. Kimball